## KENTUCKY INSURANCE COMPANY v. PARKER JONES.

Fire Insurance—Cancellation of Policy.

The wrongful procurement of a policy of Insurance by the Company, and cancellation of same, will in no manner protect them against their responsibility on account of the loss of the insured property by fire.

Same—Duty of Agent to Properly Describe Property.

A variance between the policy and the application as to the description of the property is unavailable to the Company it being their duty in filling out the policy to describe it to a common intent; for which error, they are at fault, and not the insured.

Attachment—Creditors Right to Proceeds of Insurance Policy.

A creditor, as vendor of the insured property of one to whom the policy had been asigned, has a right to attach the liability of the Insurance Company to the assignee.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

December 15. 1868.

OPINION OF THE COURT BY JUDGE WILLIAMS:

January 3, 1866, the appellant by writing endorsed on the policy of insurance made to Jones and Kelly, and who had assigned it to Edie & Ames and who had assigned it to W. J. Ames & Co., consented to the latter assignment and recognized the interest of W. J. Ames & Co.

After W. J. Ames secretly left Louisville, said policy wrongfully fell into the hands of Barrett and from him appellant wrongfully obtained it and illegally cancelled the same, but which can in no manner protect them against their responsibility on account of the loss of the insured house by fire.

The variance between the policy and the application and description is equally unavailceing; the officer knew the property sought to be insured and it was their duty in filling out the policy to describe it to a comomn intent at least, if this was not done, which we do not even intimate, it was their fault and not that of the assured, especially as they were ignorant Africans. Jones being a creditor, as vendor of the insured property, of W. J. Ames & Co. could therefore attach this liability of the Insurance Com-

pany to them, and the court properly adjudged not only the amount of appellant's liability to W. J. Ames & Co. but appropriated this to the claim of the appellee Jones.

Wherefore, the judgment is affirmed with damages.

*Stirman, for appellant.*

*Stratton, for appellee.*